FILED

JAN 11 2019

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

David King
6613 Hammersmith Drive
Raleigh, NC 27613
919.605.2115
dking@ethicalwiki.com

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| King, David A<br><br>Plaintiff, pro se<br><br>vs.<br><br>Timber Ridge Trading & Manufacturing Company,<br><br>Defendant. | CASE NO. 5:19-cv-13-FL<br><br>**ORIGINAL COMPLAINT PRODUCT LIABILITY** |

COMES NOW PLAINTIFF who allege as follows:

## INTRODUCTION

1. Kickback is a sudden forceful recoil that occurs when the non-cutting portion of a blade at the tail-end of a cut makes contact with wood. The blade's teeth grip the wood while spinning towards the operator, causing a sudden jolt of force. Kickback is the most common source of injury for woodworkers.

2. Angle grinders are not safe for cutting wood, because of special dangers related to kickback. According to the instructions that came with Plaintiff's angle grinder, wood-cutting blades should "NEVER" be used, because they "frequently kick and cause loss of control leading to personal injury."

3. Because angle grinders are not intended for wood-cutting, they lack many safety and design features common to wood saws. For example, angle grinders do not have a flat surface that keeps the blade at a consistent angle with the wood. Circular saws turn off

when the operator loses control and releases their finger from the trigger, whereas angle grinders remain on. Angle grinders operate at about 10,000 RPMs, making kickbacks especially powerful compared to a 4,000 RPM wood-cutting saw. With a wood-cutting saw, the user is usually pushing the saw or lumber away from themselves, bracing for a kickback toward them. In contrast, an angle grinder is ordinarily held at an angle from the material being cut, so the operator would not be braced against an especially strong sudden jolt of force from the angle grinder.

4. In the event of kickback with an angle grinder, the user is more likely to get the blade, rather than the wood, jettisoning towards them. A table saw is stationary, so the force from kickback is transferred to the wood that the user was sliding over the table. A circular saw is heavy, will turn off when control is lost, and is already being pushed away from the user. In contrast, angle grinders are light, being held at an angle that does not brace for impact, and would ordinarily be used against wood that is stationary.

5. Kickback is common. Most woodworkers have experienced kickback on a table saw. However, in most cases the only consequence is getting "punched" by a piece of wood, rather than by a spinning blade.

## FACTS

6. On October 20th, 2018, Plaintiff bought a wood-cutting blade from Defendant on Amazon.com. The blade was advertised as being for use with an angle grinder. Both the manufacturer's website and the Amazon.com description said it had "No Kick-Back." The manufacturer assured consumers that the blade had a "[n]ew Patented blade concept" and an "[i]ngenious . . . specially-designed tooth layout, set and reinforcement" that makes the blade safe for angle grinders. One of the proposed uses of the blade was for "beam notching," which was the plaintiff's intended use.

7. The following day, Plaintiff tried to use the blade to notch a beam on his deck. He immediately experienced an unexpected and substantial kickback. The force from the kickback knocked the plaintiff over from his crouched position. During the fall, he lost control of the blade, which made momentary contact with the fingers on his right hand.

8. Plaintiff and his wife rushed to the emergency room. Plaintiff was bleeding profusely, leaving a trail and forming a puddle in the makeshift stack of newspapers his wife was

using to collect it. Upon arrival at the emergency room, a nurse wrapped the plaintiff's hand immediately to prevent blood from getting all over the waiting room. He then waited in extraordinary pain before getting morphine, x-rays, and stitches. The next day the Plaintiff saw a hand specialist as instructed by the emergency room doctor. Total medical expenses were $3,732.68.

9. Plaintiff's fingers were still in pain for a couple weeks and two of his fingers were in braces for 8-12 weeks. This made it difficult for the plaintiff to type, drive, shower, or engage in other day-to-day activities. Due to damage to the tendons of two fingers, they will permanently have a limited range of motion (about one-fifth normal) for the rest of Plaintiff's life. This will prevent the Plaintiff from fully grasping objects like tennis rackets or power tools on his dominant hand.

## JURISDICTION AND VENUE

10. Federal jurisdiction is proper because of diversity of citizenship. The plaintiff, David King, is based in North Carolina. The defendant, Timber Ridge Trading & Manufacturing Company, is based in Massachusetts.
11. North Carolina is the proper venue, because it is where the injury occurred.
12. Washington law is proper because both parties have consented to Washington law through Amazon.com's Terms of Use. Amazon facilitated the sale/purchase of the product from Washington. Both parties routinely use the Washington-based company to buy/sell products.

## PARTIES

13. Plaintiff David King is a consumer and homeowner, who does occasional DIY home improvement projects.
14. Defendant Timber Ridge is a Minnesota-based corporation that has numerous business interests. Among other things, it sells wood-cutting blades for angle grinders under the Bad Blade trademark.

# CAUSES OF ACTION
## EXPRESS WARRANTY

Defendant breached an express warranty it made regarding the safety of using its wood-cutting blades on an angle grinder.

A manufacturer forms an express warranty with the consumer any time it affirms a fact or promise related to the goods, or provides a description of the goods, that becomes a part of the bargain. Wash. Rev. Code Ann. § 62A.2-313(1)(a)-(b). The more specific the statement or description, the more likely it is an affirmation of the sort that creates an express warranty. *See Federal Signal *371 Corp. v. Safety Factors, Inc.*, 125 Wash.2d 413, 424, 886 P.2d 172 (1994). A plaintiff must prove that the warranty (1) was part of the bargain; (2) relates to a material fact concerning the product; and (3) turns out to be untrue. *Bryant v. Wyeth*, 879 F. Supp. 2d 1214, 1226 (W.D. Wash. 2012). When the buyer is hesitant as to the safety or efficacy of the product, and a seller provides reassurances the buyer relies upon, these reassurances become an express warranty that is a part of the bargain. *See Casper v. E.I. Du Pont De Nemours & Co.*, 806 F. Supp. 903, 908 (E.D. Wash. 1992).

Here, the defendant promised that innovations in blade design resulted in "No Kickback." These promises were front-and-center in the manufacturer's product description. The description was less than an inch from the "Add to Cart" button and was intended to induce purchases. Most reasonable consumers aware of the danger of using a wood-cutting blade with an angle grinder would not buy Defendant's blade without these safety reassurances. Defendant didn't just promise that the product was safe, but specifically that the user would not experience kickback while using it. Yet the Plaintiff experienced dramatic kickback immediately upon use. In fact, the information about kickback provided in this complaint suggests it is impossible to make wood-cutting with an angle grinder safe with changes in the blade alone.

## IMPLIED WARRANTY

Defendant breached an implied promise that the product was fit for the ordinary purpose it was intended for.

Every product comes with an implied warranty that it is "fit for the ordinary purposes for which such goods are used." Wash. Rev. Code Ann. § 62A.2-314(2)(c). This is especially relevant when the consumer is relying on the seller's skill or judgement. Wash. Rev. Code Ann. § 62A.2-315. The manufacturer is liable if the product was more unsafe than would be contemplated by the ordinary consumer. Wash. Rev. Code Ann. § 7.72.030(3).

Here, the danger of an open spinning blade may be apparent to the ordinary consumers, but the blade bouncing back at them with overwhelming force is unexpected. Understanding the risks requires expert knowledge about how kickback works, the safety measures used by wood-cutting tools, and a thoughtful analysis of angle grinders. For example, it is not apparent that an angle grinder spins at more than double the RPMs. Most consumers are relying on the seller's expert knowledge of kickback safety.

## FAILURE TO WARN

Defendant is also liable for failure to provide adequate warnings and instructions for a dangerous product.

Under Washington product liability law, a manufacturer is liable if their product was "not reasonably safe because adequate warnings or instructions were not provided." Wash. Rev. Code Ann. § 7.72.030(1). The test is whether the warnings and instructions are inadequate in the context of the likelihood and seriousness of harm and whether it was possible for the manufacturer to provide instructions that could have prevented the accident. Wash. Rev. Code Ann. § 7.72.030(1)(b). However, no warning or instruction is necessary, if "the dangers here were so obvious or known that no warning was required." Bich v. Gen. Elec. Co., 27 Wash. App. 25, 33, 614 P.2d 1323, 1328 (1980).

Here, the danger of kickback is not obvious to the lay consumer and the instructions/warnings were virtually non-existent. The blade came with a small square piece of paper that does not mention kickback. The blade had a label showing which direction the blade goes, but the label was smeared and illegible after just a moment of use. The product came with no instructions on how to hammer in the compression rings that fit the blade to the angle grinder.

Normally the power tool, not the blade, shoulders the burden of providing warnings and instructions to the consumer. However, here the defendant alleges their product unlocks a new use of the angle grinder it was not designed for. Therefore, Defendant knew, or should have known, the angle grinder would not have the instructions and warnings necessary for their product. The seriousness and likelihood of injury is great and the effort to provide more detailed instructions was marginal.

### PRAYER

**WHEREFORE**, Plaintiff pray for judgment as follows:

1. Medical Expenses: $3,732.68
2. Pain and suffering for the injury in question
3. Reasonable attorney fees and expenses (15 U.S.C.A. §2310 grants legal fees and expenses for warranty cases).

Date: December 27, 2018                                   **DAVID KING**

                                                          /s/ David King