IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CV-13-FL

| | |
|---|---|
| DAVID A. KING,<br>   Plaintiff,<br><br> v.<br><br>TIMBER RIDGE TRADING &<br>MANUFACTURING COMPANY,<br><br>   Defendant. | ORDER |

This matter is before the court on plaintiff's motion for reconsideration, (DE 11), and defendant's motion to dismiss, (DE 16). The issues raised have been fully briefed and in this posture are ripe for ruling. For the reasons that follow, the court denies as moot plaintiff's motion and grants defendant's motion.

**STATEMENT OF THE CASE**

Plaintiff, proceeding pro se, initiated the present action by filing complaint on January 11, 2019, asserting claims for breach of express and implied warranties as well as failure to warn, regarding a wood-cutting blade bought online by plaintiff allegedly from defendant through Amazon.com Services, Inc. ("Amazon").[1]

On February 18, 2019, the court allowed defendant's motion for extension of time to respond to complaint, extending the deadline for defendant to file responsive pleading up to and including

---

[1] Plaintiff argues all of plaintiff's claims are subject to Washington law and that "Washington law is proper because both parties have consented to Washington law through Amazon.com's Terms of Use." (Compl. (DE 1) ¶ 12). Defendant disagrees, arguing that there is no contract between plaintiff and defendant where the parties agreed to the application of Washington law, and that each party "simply has separate agreements with Amazon, which is not a party to this action." (DE 17 at 3 n.1).

March 18, 2019. On February 26, 2019, plaintiff filed the instant motion for reconsideration of the court's February 19, 2019, order.

On March 5, 2019, summons was issued. (See DE 13).[2] On March 18, 2019, defendant filed its motion to dismiss, arguing in part that dismissal is proper under Federal Rule of Civil Procedure Rule 12(b)(2) because neither North Carolina statutes nor principles of due process provide this court with personal jurisdiction over defendant.[3]

## STATEMENT OF THE FACTS

The facts alleged in complaint relevant to the resolution of the instant motions are as follows. Plaintiff alleges that on October 20, 2018, he purchased a "wood-cutting blade . . . from Defendant on Amazon.com." (Compl. (DE 1) ¶ 6). Plaintiff alleges he was injured the next day when he attempted to use the product. (Id. ¶ 2-5, 7). Plaintiff alleges that defendant is liable for his injuries because of representations he read online about the product that promised no "No Kick-Back" and other representations about the use and properties of the blade. (Id. ¶ 6).

## DISCUSSION

A.   Standard of Review

Rule 12(b)(2) allows for dismissal of a claim for lack of personal jurisdiction. "When a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its

---

[2] No summons was issued upon initial filing, and on January 24, 2019, defendant received a copy of the complaint with no summons. (See DE 18-1 ¶ 11). Additionally, on March 11, 2019, defendant's counsel received a copy of summons and complaint via hand delivery, but to date defendant has not been served with a copy of the summons and has not waived service. (See id. ¶ 12).

[3] Defendant further argues that dismissal is appropriate because plaintiff's summons is defective on its face and no proper service on defendant has occurred and because plaintiff has failed to allege facts sufficient to bring this case within federal question or diversity jurisdiction, arguing also that venue is improper. Because the issue of personal jurisdiction is dispositive, the court need not address defendant's additional arguments.

assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). At this stage, the court "must construe all relevant pleading allegations in the light most favorable to plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989); see Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir.1993) ("[T]he district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor.").

B.  Analysis

"A lawful assertion of personal jurisdiction over a defendant requires satisfying the standards of the forum state's long-arm statute and respecting the safeguards enshrined in the Fourteenth Amendment's Due Process Clause." Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 301 (4th Cir. 2012). Where, as here, "North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause, . . . the dual jurisdictional requirements collapse into a single inquiry" into whether personal jurisdiction comports with due process. Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001).

The due process inquiry "can be undertaken through two different approaches – by finding specific jurisdiction . . . or by finding general jurisdiction." ALS Scan, Inc. v. Digital Serv. Consul., Inc., 293 F.3d 707, 711 (4th Cir. 2002).

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (citing Int'l Shoe Co. v. State

3

of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 317 (1945)). "[T]he general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts," but instead "calls for an appraisal of a corporation's activities in their entirety." BNSF Ry. Co. v. Tyrrell, 137 S. Ct. 1549, 1559 (2017) (citing Daimler AG v. Bauman, 571 U.S. 117, 139 n.20 (2014).

"To decide whether specific jurisdiction exists, we examine (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Mitrano v. Hawes, 377 F.3d 402, 407 (4th Cir. 2004) (quotations omitted); see Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474–76 (1985). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." Walden v. Fiore, 571 U.S. 277, 283–84 (2014) (quotations omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Id. at 284.

Here, defendant is a Minnesota corporation and maintains it principal, and only, place of business in Bloomington, Minnesota. (Compl. (DE 1) ¶ 14; Declaration of Gregory Lanzo ("Lanzo Decl.") (DE 17-1) ¶ 2; DE 17-1 at 6-8 (defendant's Minnesota articles of incorporation)).[4] Defendant does not maintain any offices, own or rent any property, nor has any employees in North Carolina. (Lanzo Decl. (DE 17-1) ¶¶ 7-9). Defendant owns the Kwiktool USA brand of tools and accessories which it contracts to have manufactured in China and shipped to its warehouse in

---

[4] Courts may consider affidavits in assessing whether personal jurisdiction exists. Universal Leather, 773 F.3d at 558.

Bloomington, Minnesota. (Id. ¶ 3). Defendant then sells products to retailers and wholesalers that, in turn, sell the products to end users or consumers. (Id. ¶ 4). Defendant does not sell any of its products directly to consumers. (Id.). None of the retailers or wholesalers defendant sells its products to are incorporated in, or have their principal offices in, North Carolina. (Id.).

Like other retailers, Amazon purchases products from defendant and then resells them to consumers. (Id. ¶ 5). Defendant is not a third-party seller that fulfills orders placed through Amazon's website; instead Amazon purchases products directly from defendant, takes title and possession of the products, stores the products, and sells and ships the products to customers. (Id.). From August 2015 until the date of plaintiff's alleged injury on October 21, 2018, defendant did not ship any products to North Carolina. (Id. ¶ 6). Since October 21, 2018, defendant has shipped one product order to an Amazon fulfillment center in North Carolina, a different product than the one allegedly purchased by plaintiff. (Id.).

Given the above, the only connections between defendant and North Carolina are 1) one of its products was resold by Amazon to plaintiff and Amazon shipped that product to North Carolina and 2) defendant sent a single order of a product to an Amazon fulfillment center in North Carolina after the date of plaintiff's injury. Such is insufficient for the court to exercise personal jurisdiction over defendant, whereas here, there is no suggestion that defendant engaged in continuous and systematic activities within North Carolina and where defendant's suit-related conduct created such an insubstantial connection with North Carolina.[5]

---

[5] Plaintiff's argument in opposition, also requesting discovery on this issue, is unavailing. Plaintiff argues, without support, that "the Bad Blade product Plaintiff purchased is advertised as coming from a North Carolina Company called Kwik Tools USA Inc.," (DE 22 at 3), and offers United States Patent and Trademark Office records showing that in 2007 KwikTool USA, a North Carolina-based corporation, at least at that time, registered the name "Bad Blade," also listing as the last owner of this trademark, defendant, a Minnesota corporation, (see DE 22-4 at 2-3). Such does not indicate any current contact with North Carolina by defendant for purposes of personal jurisdiction. Indeed,

5

Plaintiff's complaint is dismissed without prejudice under Rule 12(b)(2).  See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) (citation omitted) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims."); see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (citation omitted) ("Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").  The court further denies as moot plaintiff's motion for reconsideration of the court's order extending time for defendant to file response to complaint.

## CONCLUSION

Based on the foregoing, the court GRANTS defendant's motion to dismiss, (DE 16), dismissing plaintiff's claims without prejudice.  The court DENIES AS MOOT plaintiff's motion for reconsideration.  (DE 11).  The clerk is DIRECTED to close the case.

SO ORDERED, this the 23rd day of September, 2019.

                                                  _____
                                                  LOUISE W. FLANAGAN
                                                  United States District Judge

---

defendant has submitted evidence that KwikTools, USA dissolved in 2009.  (See DE 24-2); see also Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 402 (4th Cir. 2003) ("When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery.").